O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| LEHMONT MAHEIA, individually and on behalf of all others similarly situated, | ) ) ) | Case No. CV 11-07823-ODW (FMOx) |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | Order **GRANTING** Plaintiff's Motion for Leave to File First Amended Complaint [29] |
| SWISSPORT USA, INC., and Doe One through and including Doe One Hundred, | ) ) ) ) | |
| Defendants. | ) ) | |

## I. Introduction

Plaintiff's Motion for leave to file his First Amended Complaint is before the Court. The Amended Complaint adds several items and clarifies the original complaint. First, it adds class action allegations that Defendants failed to pay class action members minimum wages and overtime for time spent traveling to and from employee parking lots and airport security. Second, it adds a fifth cause of action for off-the-clock claims under FLSA, 29 U.S.C. §§ 206 and 207, on behalf of Plaintiff individually and as a collective action under the opt-in provisions of 29 U.S.C. § 216. Third, it narrows the putative subclasses to ramp agents at Los Angeles International Airport. Fourth, it adds a second meal period subclass. Fifth, it clarifies Plaintiff's late final pay claim.

///

## II. Factual Background

Under the Court's scheduling order, Plaintiff may amend his pleadings on or before January 23, 2012. Dkt. No. 11. Because December 26, 2011 (28 days prior to the deadline) was a legal holiday, the last day for Plaintiff to file his Motion was the previous Friday, December 23, 2011. *See* Fed. R. Civ. P. 6; L.R. 6-1. Yet, Plaintiff overlooked this and filed the Motion on Monday, December 26, 2011.

Parties met pursuant to L.R. 7-3 on December 16, 2011, discussing certain amendments to the complaint. Counsel conferred at least one additional time prior to the filing of the Motion. Unable to reach a stipulated agreement, Plaintiff filed this Motion requesting leave to amend.

## III. Discussion

### A. Legal standard for motion for leave to amend

When the right to amend as a matter of course has been extinguished, a party may amend its pleading only with the opposing party's consent or with the court's leave. Fed. R. Civ. P. 15(a)(2). But, Rule 15(a) is "very liberal"—courts should "freely give leave when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); Fed. R. Civ. P. 15(a)(2).

Still, courts need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or, (4) is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Without a showing of prejudice, or strong evidence of any of the other factors, there is a presumption under Rule 15(a) in favor of granting leave to amend. *Id.*

/ / /
/ / /
/ / /
/ / /

2

### B. Defendants fail to articulate any prejudice to them as a result of the amended complaint

Defendants do not oppose Plaintiff's amendments to clarify its late final pay claim and to narrow the putative subclasses to ramp agents at Los Angeles International Airport. Defs.' Opp'n at 1. Indeed, these amendments assist the litigants and the Court, and are welcomed. For the other amendments, the Court is not convinced Defendants will be prejudiced, or that Defendants even argued that it would be prejudiced.

At best, Defendants assert Plaintiff's FLSA claim would transform the case into a "hybrid collective action", causing confusion. *Id.* at 10. It would seem, if there would be any confusion, that this confusion would be directed to and would not prejudice Defendants. For instance, this Court may someday regret that it allowed the case to proceed as both a FLSA collective action and a state law class action. Likewise, potential participants to the litigation might be troubled with the hybrid opt-in/opt-out procedure. But, there is no evidence that Defendants would be prejudiced.

Courts have found, when based on related underlying facts, a FLSA claim can proceed simultaneously with state law class action claims. *See Ervin v. OS Rest. Servs.*, 632 F.3d 971, 977-78 (7th Cir. 2011). Further, it is not unduly demanding for potential participants to "make two binary choices"—to opt-in the FLSA claims and opt-out of the state law claims. *Id.* at 978.

Defendants also appear to argue that including the FLSA will bring forth extra litigants and laws into the case. The Court is not persuaded by this argument. While the causes of action may differ somewhat, the underlying facts supporting both the FLSA and state law claims are closely related, if not identical. It is not a high burden to work the same set of facts into two separate legal paradigms. Accordingly, the Court finds no prejudice to the Defendants by granting leave to amend.

/ / /

/ / /

/ / /

### C. The other factors are mere technicalities

Defendants' briefing strategy shows the paucity of its merits in this opposition. Their opening argument opposing Plaintiff's Motion is that it was untimely filed on a legal holiday (Dec. 26) instead of on the preceding Friday. While the Court does not condone such negligence, it is "too late in the day" to allow one such misstep to be decisive to the outcome. *Foman*, 371 U.S. at 181. The purpose of pleading is "to facilitate a proper decision on the merits." *Id.* To prevent Plaintiff from amending his complaint because of one legal holiday would not comport with the spirit of Rule 15(a).

Similarly, Defendants' arguments that Plaintiff unduly delayed bringing additional causes of actions are unfounded. This case is still in its early stages, and this Court employs an amended pleadings cutoff date particularly for situations like the one at hand. In addition, the Court finds that the parties adequately complied with L.R. 7-3 prior to filing this Motion. It appears that the substance of the Motion was discussed, but perhaps not the form.

Finally, Defendants' arguments that certain amended claims lack factual basis or are insufficient to state a cause of action have been considered, but are found wanting. At this time, the Court finds Plaintiff's claims to be plausible and not completely futile. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Therefore, the Court **GRANTS** Plaintiff's Motion for Leave to File First Amended Complaint. Within seven (7) days, Plaintiff shall file his First Amended Complaint in accordance with General Order 10-07.

**IT IS SO ORDERED.**

January 18, 2012

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE